UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Boon Hooi Teoh,<br><br>Plaintiff,<br><br>-v-<br><br>Manhasset Restaurant, LLC; Roslyn Hospitality, LLC; Gold Coast Restaurant Corp.; Miracle Mile Restaurant, LLC; Wheatley Restaurant, LLC; East Meadow Avenue Restaurant Corp.; 100 Hospitality, LLC; Poll Restaurant Group, Inc.; George Poll; and Gillis Poll,<br><br>Defendants. | 2:22-cv-4110<br>(NJC) (LGD) |

### MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On October 24, 2024, following trial, the jury returned a verdict in this case for Plaintiff Boon Hooi Teoh ("Teoh") on Teoh's claims against all Defendants[1] for unpaid overtime wages and unpaid spread of hours wages under New York Labor Law ("NYLL") and its implementing regulations, 12 N.Y.C.R.R. §§ 146-1.4 and 146-1.6. (Verdict Form, ECF No. 92.) Specifically, the jury found that, despite receiving an annual salary, Teoh was not an "executive employee" exempt from the NYLL's requirements that employees receive (1) 1.5 times their "regular rate of pay" for all hours over 40 worked in a given workweek and (2) one extra hour of pay for each workday in which the employee's spread-of-hours worked exceeds ten. (Verdict Form at 2.) The parties stipulated to Teoh's week-by-week work schedule during the relevant period and his

---

[1] The Defendants in this action are: Manhasset Restaurant, LLC; Roslyn Hospitality, LLC; Gold Coast Restaurant Corp.; Miracle Mile Restaurant, LLC; Wheatley Restaurant, LLC; East Meadow Avenue Restaurant Corp.; 100 Hospitality, LLC; Poll Restaurant Group, Inc.; George Poll; and Gillis Poll.

annual salary, including raises. (Joint Pre-Trial Order § X ¶¶ 46–50, ECF No. 75; Corrected Stip. ¶¶ 6–10, ECF No. 82-1.) The parties also agreed that N.Y.C.R.R. § 146-3.5 ("Section 146-3.5"), which sets forth the method of calculation for a hospitality worker's "regular rate of pay," applies to calculate any unpaid overtime owed to Teoh, although Defendants noted that they "still intend[ed] to challenge the method of calculation" set forth in Section 146-3.5 on other grounds. (Damages Calculation Ltr., ECF No. 93-1.) Applying the method of calculation under Section 146-3.5, the parties stipulated to a compensatory damages calculation of $184,067.52. (*Id.*) On November 19, 2024, this Court entered judgment awarding Teoh that amount. (Judgment, ECF No. 94.)[2]

On December 17, 2024, Defendants filed a Motion to Amend the Judgment ("Motion") under Rule 59(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), arguing that Section 164-3.5's method of calculation of the regular rate of pay for hospitality workers is contrary to New York public policy against punitive remedies for conduct that lacks enhanced culpability, violates due process guarantees under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the New York State Constitution, and conflicts with the NYLL statutory scheme in general. (Mot., ECF No. 98.) I referred the Motion to Magistrate Judge Lee G. Dunst, and, on July 1, 2025, Judge Dunst issued a Report and Recommendation (the "R&R") recommending that I deny the Motion in full. (R&R, ECF No. 117.) The R&R instructed that any objections must be submitted in writing to the Clerk of Court within fourteen (14) days. (R&R at 9–10.) Following the Court's grant of extensions requested

---

[2] On June 23, 2025, I issued an order adopting in full Judge Dunst's Report and Recommendation (Attorney's Fees R&R, ECF No. 95), to which no party objected, recommending that the Court award Teoh's counsel $45,170.77 in attorney's fees and $8,382.25 in costs. (Order Adopting Attorney's Fees R&R, ECF No. 115; Judgment on Attorney's Fees, ECF No. 116.) The instant Motion does not seek to amend the Judgment on Attorney's Fees.

by both parties, Defendants timely filed Objections on July 22, 2025 (Defs.' Obj., ECF No. 119), and Teoh timely filed a Response on August 10, 2025 (Pl.'s Resp., ECF No. 121).[3]

Having reviewed de novo the motion papers (Defs.' Trial Br., ECF No. 86; Defs.' Mem., ECF No. 100; Pl.'s Opp'n, ECF No. 101), the applicable law, the R&R, Defendants' Objections, and Teoh's Response, I reject the R&R's recommendation to deny the Motion in its entirety solely on procedural grounds. Specifically, I find the following: (1) Defendants sufficiently reserved their right to bring the instant Motion, despite their failure to adequately address in their submissions the pertinent facts concerning when and how they did so; (2) although Defendants' challenge to Section 146-3.5's method of calculating the regular rate of pay would have been more appropriately brought as a motion for summary judgment under Rule 56, Fed. R. Civ. P., or a motion for judgment as a matter of law under Rule 50, Fed. R. Civ. P., Defendants are not procedurally barred from raising this issue on a motion to amend the judgment under Rule 59(e), Fed. R. Civ. P., in light of the procedural history of this action; and (3) the New York State Board of Industrial Appeals does not have exclusive jurisdiction to decide constitutional challenges to Section 146-3.5.

Since the R&R only addressed Teoh's procedural bases for challenging Defendants' Motion, I respectfully return Defendants' Motion to Judge Dunst with the instruction to provide

---

[3] On August 12, 2025, I denied Defendants' motion for an extension of time to file a reply in further support of the Objections. (Extension Mot., ECF No. 122; Elec. Order, Aug. 12, 2025.) As stated in the August 12, 2025 Order, the Federal Rules of Civil Procedure do not provide for a reply as of right in further support of objections to a magistrate judge's report and recommendation. Elec. Order, Aug. 12, 2025; Fed. R. Civ. P. 72(b)(2) (providing only for (1) objections to be served within 14 days of service of a report and recommendation and (2) responses to be served within 14 days of service of any objections). Further, a reply is not warranted here, given that Defendants had ample opportunity to fully brief the issues addressed in the R&R through their trial brief, briefing on this Motion (including a reply as of right, which Defendants did not submit), and Objections to the R&R.

a written report and recommendation as to the disposition of the Motion based on the merits of Defendants' arguments under (1) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, (2) Article I, Section 6 of the New York State Constitution, and (3) the NYLL statutory scheme and New York public policy generally. *See* 28 U.S.C. § 636(b)(1) (recognizing that on a report and recommendation, the district court "may . . . recommit the matter to the magistrate judge with instructions"); Fed. R. Civ. P. 72(b)(3) ("The district judge may. . . return the matter to the magistrate judge with instructions.").

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(3). It "may also . . . recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

## DISCUSSION

In summary, Defendants challenge the fact that Section 146-3.5, which applies only to hospitality workers, requires that if an employee receives a salary (as opposed to hourly wages), "the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, *by the lesser of 40 hours or the actual number of hours worked by that employee during the work week*," while N.Y.C.R.R. § 141-3.3 ("Section 141-3.3"), which applies to workers outside the hospitality industry, requires that "[w]hen an employee is paid on a . . . salary . . . the regular hourly rate shall be determined by dividing *the total hours worked during the week* into the employee's total earnings."

4

N.Y.C.R.R. § 146-3.5(b) (emphasis added); N.Y.C.R.R. § 141-3.3 (emphasis added).[4] In other words, Section 146-3.5 establishes that, in determining a salaried employee's regular rate of pay for purposes of calculating damages in an NYLL action, courts must assume that a hospitality worker's salary is intended to compensate only 40 hours per week, regardless of any understanding of the parties to the relevant employment agreement.

Defendants raise four challenges to Section 146-3.5. First, Defendants argue that the regulation's method of calculating the regular rate of pay amounts to the imposition of punitive remedies on NYLL defendants regardless of whether the defendant acted in "good faith" under the NYLL; according to Defendants, this violates "fundamental public policy" under New York law. (Mem. at 6–8.) Second, they argue that Section 146-3.5's calculation method has resulted in the imposition of an "excessive punitive damages award[]" against the Defendants in this action in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Mem. 9–11.) Third, Defendants argue that Section 146-3.5, a regulation promulgated by the New York Department of Labor ("Department of Labor") following the recommendation of the New York Wage Board, was enacted outside the authority granted by NYLL § 655 ("Section 655"), which does not expressly authorize the Department of Labor to "enhance penalties or establish punitive remedies." (Mem. at 11–12.) Fourth, Defendants argue that Section 146-3.5 establishes an "irrebuttable presumption" as to the amount of hours a

---

[4] To illustrate by way of example, if an employee receives $1,000 per week pursuant to a salary arrangement and is contracted to work 50 hours per week, then, under Section 146-3.5 (which would apply if the worker is employed in the hospitality industry), that worker's regular rate of pay would be $25 per hour ($1,000 divided by 40 hours per week, which is "the lesser of 40 hours or the actual number of hours worked by that employee during the work week," N.Y.C.R.R. § 146-3.5(b)). By contrast, under Section 141.3-3 (which would apply if the worker is employed in a non-hospitality industry), that worker's regular rate of pay would be $20 per hour ($1,000 divided by 50 hours per week, which is "the total hours worked during the week," N.Y.C.R.R. § 141-3.3).

5

hospitality worker's salary is intended to compensate and thereby "precludes the [employer's] right to be heard" in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 6 of the New York State Constitution. (Mem. at 13–14.)

The R&R recommends that I deny the Motion on three bases: (1) Defendants did not reserve their rights to challenge Section 146-3.5 through a post-judgment motion (R&R at 6–7); (2) Defendants do not identify any controlling law that the Court overlooked, as required under a Rule 59(e) motion to alter or amend the judgment (R&R at 8); and (3) Defendants' challenge to Section 146-3.5 is procedurally barred under NYLL § 657(2), which requires that a challenge to a wage order's validity or reasonableness be brought first before the New York State Industrial Board of Appeals ("Board of Appeals") (R&R at 8–9).

Defendants object to all three of the R&R's conclusions. With respect to the R&R's conclusion that Defendants did not reserve their rights to challenge Section 146-3.5, Defendants describe (without clear citation to the record) their understanding that various statements made by their counsel amounted to an effective reservation of rights. (Obj. at 10–11.) With respect to the R&R's conclusion that Defendants did not identify any controlling law that the Court overlooked, Defendants argue that Rule 59(e) is an appropriate vehicle through which to bring a constitutional challenge to an excessive damages award where, as here, there is no remedy available under an applicable statute. (Obj. at 7–10.) With respect to the R&R's conclusion that Defendants were required to raise their challenge to Section 146-3.5 before the New York State Industrial Board of Appeals in the first instance, Defendants argue that the Board of Appeals does not have "exclusive jurisdiction" over their constitutional claims. (Obj. at 12–13.)

As set forth below, Defendants sufficiently reserved their right to bring the instant

6

Motion and are not procedurally barred from raising this issue on a motion to amend the judgment under Rule 59(e). Moreover, the New York State Board of Industrial Appeals does not have exclusive jurisdiction to decide constitutional challenges to Section § 146-3.5. Having resolved these procedural issues, I respectfully recommit the matter to Judge Dunst to conduct an analysis of the merits of Defendants' Motion.

I.      **Reservation of Rights**

Reviewed as a whole, and notwithstanding Defendants' failure to properly brief the issue, the record establishes that Defendants reserved their rights to file the instant Motion. Defendants raised the arguments set forth in the present Motion at least as early as the August 2, 2024 pretrial conference before me. (Aug. 2, 2024 Hr'g Tr. 23:17–26:13; 29:9–32:2, ECF No. 123.) Defendants again raised these arguments in their trial brief, filed on October 1, 2024. (*See*, *e.g.*, Defs.' Trial Br. at 13–17.) At the October 24, 2024 charge conference where the Court discussed with the parties finalizing the verdict form, Defendants' counsel repeatedly expressed Defendants' willingness to stipulate to the mathematical calculation applied under Section 146-3.5 in light of the parties' stipulation to the specific hours worked by Teoh, but maintained their objections to the lawfulness of Section 146-3.5 method of calculating Teoh's regular rate of pay. (Trial Tr. 702:15–19 ("[DEFENDANTS' COUNSEL]: Yes, because all of the facts that you need to do the formula, pursuant to the New York Labor Law Hospitality Wage Order, you just divide by 40. So the jury doesn't need to be asked that question because it's a mathematical fact."); *id.* 710:20–22 ("[DEFENDANTS' COUNSEL]: "I'm not disputing that if you divide by 40, this is what it comes out to. I'm just disputing the law . . .").) I confirmed that I understood Defendants' position, stating, "But you've made your record that you're not stipulating to the applicability of law [concerning Section 146-3.5]. You're simply stipulating to the math." (Trial

Tr. 711:16–19; *see also id.* 710:2–4 ("THE COURT: Yes. The defendants are – they have well preserved their ability to make the constitutional and other challenges they would like to make to the hospitality and wage order.").) The parties' joint damages calculation submitted after the jury's issuance of a verdict likewise indicates that Defendants consent to the mathematical calculation of damages set forth but "still intend to challenge the *method* of calculation." (Damages Calculation Ltr. (emphasis added).)

Following the jury verdict, I indicated that I expected that the parties would need time to "determine whether there will be any post-verdict motions"; I further indicated that I would set a status conference in several weeks to set an appropriate schedule for such briefing and told the parties to "expect . . . a scheduling order shortly." (Trial Tr. 829:24–83:6.) On October 28, 2024, I issued an electronic order clarifying that I would not hold a status conference at that time and ordered the parties to "submit a joint calculation of the damages based on the jury's verdict form" by November 18, 2024. (Elec. Order, Oct. 28, 2024.) Upon entering judgment on November 19, 2024, I set a deadline of December 17, 2024 for "[a]ny post-judgment motions." (*Id.*)

The R&R is correct that Defendants waited until nearly two months after trial, and one month after the entry of judgment, to file the instant Motion. Moreover, Defendants' submissions on the Motion do not provide the relevant record citations from which to assess whether Defendants preserved their ability to raise challenges to Section 146-3.5. Indeed, in their Motion papers and subsequent Objections, Defendants fail to provide a single citation to any pre-trial conference or portion of the trial transcript establishing that Defendants' counsel reserved Defendants' rights to file a motion challenging Section 146-3.5's method of calculating the regular rate of pay for a salaried employee who worked more than 40 hours per week. (*See*

8

*generally* Mem., Obj.) I have located and cited the relevant transcript portions in this Order notwithstanding Defendants' failure to do so.

Nevertheless, this Motion falls within the scope of the October 28, 2024 scheduling order in light of the following facts: (1) Defendants stated their intention to raise challenges to Section 146-3.5 as early as August 2024, (2) Defendants continued to reiterate their intention to do so through the charge conference, and (3) Defendants' counsel expressly stated to the Court that Defendants were willing to stipulate only to the mathematical calculation imposed by Section 146-3.5. Accordingly, the above-described representations are sufficient to constitute a reservation of rights for Defendants to bring the Motion currently before me.

## II.     Defendants' Ability to Bring a Rule 59(e) Motion

As a threshold matter, the Motion brought by Defendants here is not improper under Rule 59(e) on the basis that "it fails to identify controlling law that the Court overlooked." (*See* R&R at 7.) Under Rule 59(e), a party may seek to alter or amend the judgment in an action. Fed. R. Civ. P. 59(e). A court may grant a Rule 59(e) motion "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020). The standard for granting a Rule 59(e) motion is "strict." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). Still, the decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *see also Chitkara v. N.Y. Tel. Co.*, 45 F. App'x 53, 55 (2d Cir. 2002) (holding that Rule 59(e)'s "manifest injustice" standard affords district courts substantial discretion).

Although Defendants' Motion papers do not properly identify the specific basis pursuant

to which they seek to have the judgment amended under Rule 59(e), their arguments boil down to the position that manifest injustice would result in the event this Court imposes an award of unpaid overtime wages calculated pursuant to the method set forth in Section 146-3.5. (*See* Mem. at 9.) I also note that Defendants' Motion raises pure issues of law that would have been appropriate for resolution on a summary judgment motion under Rule 56, Fed. R. Civ. P., brought prior to trial or a post-verdict (but pre-judgment) motion for judgment notwithstanding the verdict under Rule 50, Fed. R. Civ. P., although Defendants decided not to file any such motions. Nevertheless, courts in this Circuit have considered constitutional challenges to damages awards on Rule 59(e) motions. *See, e.g., Ortiz v. Stambach*, 137 F.4th 48, 56 (2d Cir. 2025) (upholding district court's ruling on Rule 59(e) motion challenging a compensatory damages award as "excessive in light of the evidence presented at trial").

Therefore, contrary to the recommendation in the R&R, the Motion is not improper solely because it fails to identify "controlling law that the Court overlooked." (*See* R&R at 9.)

### III.     Administrative Remedies Under NYLL Section 657(2)

New York Labor Law Section 657(2) does not bar Defendants' constitutional challenges here. Defendants failed to file a reply brief in support of the Motion responding to Teoh's argument that Defendants were required to bring their constitutional challenges against Section 146-3.5 first to the Board of Appeals. (R&R at 9.) Accordingly, I may deem Defendants to have forfeited their response to this argument in their briefing on the Motion and need not reach the arguments Defendants belatedly raise for the first time in their Objections to the R&R. *In re Demetriades*, 58 F.4th 37, 54 (2d Cir. 2023) (holding that, where a party refers to an issue in only "a perfunctory manner, unaccompanied by any effort at developed argumentation, it must be deemed waived[] . . . or, more precisely, *forfeited*" (emphasis in original)). Nevertheless, as

demonstrated by Teoh's submissions on this issue, Defendants' tardy responses, and the underlying law, Teoh is incorrect that New York Labor Law Section 657(2) bars constitutional challenges to Section 146-3.5 in federal court.

Section 657(2) specifically provides that the New York Industrial Board of Appeals ("Board of Appeals")—a state administrative body that adjudicates administrative law issues arising out of the NYLL's regulatory scheme—has "exclusive" jurisdiction to hear appeals challenging NYLL regulations. NYLL § 657(2). It provides in pertinent part:

> Any person in interest, including a labor organization or employer association, in any occupation for which a minimum wage order or regulation has been issued under the provisions of this article who is aggrieved by such order or regulation may obtain review before the board of standards and appeals by filing with said board, within forty-five days after the date of the publication of the notice of such order or regulation, a written petition requesting that the order or regulation be modified or set aside.

*Id*. Following the filing of an appeal, "the commissioner shall certify and file with the board of standards and appeals a transcript of the entire record, including the testimony and evidence upon which such order or regulation was made and the report of the wage board," and the Board of Appeals must hold oral argument and "determine whether the order or regulation appealed from is contrary to law." *Id*. In other words, Section 657(2) establishes that an appeal to the Board of Appeals is the exclusive avenue through which to challenge a new NYLL regulation prior to its promulgation, not that it is the exclusive avenue through which to challenge the *application* of any such NYLL regulation to an employer case brought in federal court.

According to Teoh, because Section 146-3.5 was last amended on December 31, 2016, Defendants had until February 14, 2017 (more than six months *prior to* August 28, 2017—the date on which Teoh's underpayment began) to object to the method of calculating the regular rate of pay set forth in the revised regulation. *See* 12 N.Y.C.R.R. § 146-3.5; Damages

11

Calculation Ltr. at 2 (stipulating that August 28, 2017 marked Teoh's shift from receiving hourly wages to receiving an annual salary). Teoh points to no authority supporting the conclusion that an employer waives all rights to bring a constitutional challenge to the method of calculating damages for an NYLL claim of failure to pay overtime by not objecting within 45 days of the promulgation of the relevant NYLL regulation, regardless of whether that individual was even a defendant in an NYLL failure-to-pay overtime claim (or even an "employer" subject to the NYLL) at the time of the regulation's promulgation. Accordingly, Teoh's argument, if adopted, would lead to absurd results.

Teoh relies on cases that are inapposite. *Matter of National Restaurant Association v. Commissioner of Labor*, 141 A.D.3d 185 (3d Dep't 2016) and *Lyell Party House, Inc. v. N.Y. State Department of Labor, Commissioner*, 190 A.D.3d 1046 (3d Dep't 2021), both concern petitioners' direct challenges to the promulgation of NYLL regulations pursuant to Section 657(2). In *National Restaurant Association*, the Third Department considered an appeal from a petition to the Board of Appeals and affirmed the Board of Appeals' finding that a newly promulgated regulation was not "contrary to law." 141 A.D.3d at 197. Similarly, in *Lyell Party House*, the Third Department found that the petitioner had properly petitioned the Board of Appeals to challenge an NYLL regulation but had done so nearly eight years after the expiration of the 45-day period. *Lyell Party House*, 190 A.D.3d at 1047. Teoh has not identified a single case in which a court found that a defendant was forbidden from challenging as unconstitutional the amount of damages imposed against it based on the application of an NYLL regulation if the defendant did not first object to the Board of Appeals during the rulemaking process.

As Defendants note, it is also true as a general matter that states cannot circumscribe the jurisdiction of federal courts to review federal constitutional challenges to state laws. (*See* Obj. at

12 (citing *Haywood v. Drown*, 556 U.S. 729, 740 (2009) ("New York is not at liberty to shut the courthouse door to federal claims that it considers at odds with its local policy.")).) Teoh has pointed to no *federal* legal authority supporting the proposition that New York can make a state regulatory agency the sole decider as to whether New York state regulations violate the U.S. Constitution.

Accordingly, Defendants' challenge is not barred for failure to seek relief through the Board of Appeals. In concluding that Defendants' Motion is not procedurally barred, I make no indication as to the strength of Defendants' arguments against Section 146-3.5 on the merits. In other words, I do not imply that Defendants have meritorious arguments that Section 146-3.5's method for calculating the regular rate of pay for non-exempt employees who work more than 40 hours per week is (1) contrary to any New York public policy against punitive remedies for conduct that lacks enhanced culpability, (2) conflicts with the NYLL statutory scheme, or (3) violates the due process guarantees set forth in the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 6 of the New York State Constitution.

## CONCLUSION

For the reasons set forth above, I reject the R&R's recommendation that I deny Teoh's Motion to Amend the Judgment (ECF No. 98) solely on procedural grounds. Since the R&R only addressed Teoh's procedural bases for challenging Defendants' Motion, I respectfully return Defendants' Motion to the Judge Dunst with the instruction to provide a written report and recommendation as to the disposition of the Motion on the basis of an analysis of the merits of Defendants' arguments under the Due Process Clause of the Fifth and Fourteenth Amendments

to the United States Constitution, Article I, Section 6 of the New York State Constitution, and the NYLL statutory scheme or public policy generally. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Dated: Central Islip, New York
September 20, 2025

                                         */s/ Nusrat J. Choudhury*
                                         NUSRAT J. CHOUDHURY
                                         United States District Judge

Case 2:22-cv-04110-NJC-LGD   Document 124   Filed 09/20/25   Page 14 of 14 PageID #: 1273