**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Boon Hooi Teoh,<br><br>                                        Plaintiff,<br><br>               -v-<br><br>Manhasset Restaurant, LLC; Roslyn Hospitality, LLC; Gold Coast Restaurant Corp.; Miracle Mile Restaurant, LLC; Wheatley Restaurant, LLC; East Meadow Avenue Restaurant Corp.; 100 Hospitality, LLC; Poll Restaurant Group, Inc.; George Poll; and Gillis Poll,<br><br>                                        Defendants. | 22-cv-4110<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before this Court is Defendants' request for a stay of enforcement of the Judgments in this action pursuant to Rule 62(b) of the Federal Rules of Civil Procedure while they pursue an appeal before the U.S. Court of Appeals for the Second Circuit.

For the reasons set forth below, Defendants' request is granted.

**PROCEDURAL HISTORY**

On November 19, 2024, after a four-day jury trial, this Court entered Judgment awarding Plaintiff $184,067.52, which consists of compensatory damages for unpaid overtime wages and unpaid spread of hours wages under the New York Labor Law ("NYLL"), prejudgment interest, and post-judgment interest. (Trial Judgment, ECF No. 94.)

Shortly thereafter, on December 17, 2024, Defendants filed a Motion to Amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure challenging the method of calculating compensatory damages under New York law. (ECF Nos. 98 through 100.) The

parties submitted multiple rounds of briefing and Magistrate Judge Lee Dunst issued separate reports and recommendations regarding the resolution of the motion to amend.[1] On September 20, 2025, I issued an Opinion and Order denying Plaintiff's procedural arguments in opposition to Defendants' motion to amend. (ECF No. 124.) On March 30, 2026, I issued an Opinion and Order addressing the substance of Defendants' motion to amend and denying the motion in its entirety. (ECF No. 132.) On April 8, 2026, Defendants filed a notice of appeal to the Second Circuit. (ECF No. 133.)

The Trial Judgment did not address Plaintiff's motion for attorneys' fees. (*See* ECF No. 94.) Rather, Plaintiff filed a post-trial motion for attorneys' fees and costs, which Defendant opposed. (ECF Nos. 95 to 97, 105, 109.) Following a report and recommendation from Judge Dunst, on June 23, 2025 (ECF No. 112), I entered an Order granting Plaintiff's motion in part and awarding attorneys' fees to Plaintiff in the amount of $56,553.02. (Order, ECF No. 115.) On June 25, 2025, the Clerk of Court entered the Judgment on Attorneys' Fees. (Judgment on Attorneys' Fees, ECF No. 116.) However, the Judgment on Attorneys' Fees erroneously failed to list all Defendants, and was only entered against Defendant Manhasset Restaurant, LLC, d/b/a Toki Modern Asian. (*Id.*)

Defendants did not file any post-judgment motion or appeal concerning the Judgment on Attorneys' Fees at any time after it was entered on June 15, 2025. Rather, on March 25, 2026, Plaintiff moved to amend the Judgment on Attorneys' Fees pursuant to Rule 60(a) to correct the clerical error of naming only Defendant Manhasset Restaurant, LLC as opposed to all

---

[1] *See* July 1, 2025 Report & Recommendation (ECF No. 117); Defendants' First Objection, (ECF No. 119); Plaintiff's Response to First Objection (ECF No. 121); Memorandum & Order, (ECF No. 124); Nov. 18, 2025 Report & Recommendation (ECF No. 125); Defendants' Second Objection (ECF No. 127); Plaintiff's Response to Second Objection (ECF No. 129).

Defendants. (ECF No. 130.) On March 27, 2026, I granted Plaintiff's motion to amend, and on

March 30, 2026, the Clerk of Court entered an Amended Judgment on Attorneys' Fees against

all Defendants. (Elec. Order, Mar. 27, 2026; Amended Judgment on Attorneys' Fees, ECF No.

131.) The Amended Judgment on Attorneys' Fees states in pertinent part:

> ORDERED AND ADJUDGED that Plaintiff Boon Hooi Teoh's motion for attorney's
> fees is granted in part; that Plaintiff's motion to amend the June 25, 2025 Judgment for
> Attorney's Fees is **granted for clerical error**, awarding Plaintiff $56,553.02 in
> attorney's fees, expenses, and costs as against Defendants Manhasset Restaurant, LLC,
> Roslyn Hospitality, LLC, Gold Coast Restaurant Corp., Miracle Mile Restaurant, LLC,
> Wheatley Restaurant, LLC. East Meadow Avenue Restaurant Corp., 100 Hospitality,
> LLC, Poll Restaurant Group, Inc., George Poll, and Gillis Poll.

(ECF No. 131 (emphasis added).)

On April 9, 2026, Defendants filed a request for an emergency conference seeking

"immediate enforcement of the automatic stay of the Amended Judgment, dated March 30,

2026." (ECF No. 134.) Defendants sought a stay pursuant to Rule 62(a) of the Federal Rules of

Civil Procedure in light of its pending appeal of the Trial Judgment before the Second Circuit.

(*See id.*; *see also* Notice of Appeal, ECF No. 133) Later that day, Plaintiff opposed Defendants'

request. (ECF No. 135.) That same evening, however, Defendants filed documentation

demonstrating that they had obtained an appeal bond in the amount of $267,089.00, and

amended their request for a stay of enforcement of the Judgments by invoking Rule 62(b) rather

than 62(a), which was their original basis for seeking a stay of enforcement. (ECF Nos. 136,

137.)

On April 10, 2026, the Court held a telephone conference with the parties. (Min. Entry,

Apr. 10, 2026.) During the call, Plaintiff argued that Defendants are not entitled to any stay of

enforcement of either the Trial Judgment or the Amended Judgment on Attorneys' Fees and, in

the alternative, argued that if Defendants are granted a stay of enforcement, Defendants' appeal

3

bond amount should be increased by $50,000 to pay Plaintiff anticipated attorneys' fees related to the pending appeal. The Court (1) granted Defendants an interim stay until close of business on April 14, 2026, pending resolution of the dispute, and (2) permitted Plaintiff to file an opposition to Defendants' amended motion for a stay of enforcement of the Judgments. (*Id.*; *see also* Order, ECF No. 140.) Later that day, Defendants filed documentation showing that they had procured an appeal bond of $317,089.00, which includes a cushion of $50,000 on top of the amount of both Judgments—the Trial Judgment and Amended Judgment on Attorneys' Fees—to cover the cost of appellate litigation. (ECF No. 141.) On April 12, 2026, Plaintiff filed his opposition brief. (ECF No. 143.)

On April 13, 2026, Teoh filed a second motion for attorneys' fees and costs, which seeks to recoup fees and costs incurred in opposing (1) Defendants' Rule 59 motion to amend the Trial Judgment; (2) Defendants' objection to Judge Dunst's July 1, 2025 Report and Recommendation, which recommended that the Rule 59 motion be denied on procedural grounds; and (3) Defendants' objection to Judge Dunst's November 18, 2025 Report and Recommendation, which recommended that the Rule 59 motion be denied on substantive grounds. (ECF No. 145.)

On April 14, 2026, the Court held another telephone conference with the parties. The Court extended the stay set forth in its April 10, 2026 Order until close of business on April 21, 2026, pending additional briefing from the parties on certain issues raised by the Court. (Min. Entry and Order, Apr. 14, 2026; *see also* Order, ECF No. 148.) On April 20, 2026, the parties filed their supplemental submissions, and the Court heard argument from the parties in a telephone conference. (ECF Nos. 149, 150; Min. Entry, Apr. 20, 2026.)

## DISCUSSION

Defendants seek to stay enforcement of the Trial Judgment and Amended Judgment on Attorneys' Fees while it pursues its appeal of the Trial Judgment before the Second Circuit. (*See* ECF Nos. 137, 150.) Defendants maintain that Rule 62(b) entitles them to a stay in light of their procurement of an appeal bond in the amount of $317,089.00. (*See* ECF No. 150 at 1.) Plaintiff challenges Defendants' basis for a stay by contending that "entitlement [to a stay] is hampered by the Court's determination as to whether the 'full' supersedeas bond has been posted" and that here, Defendants' bond amount does not cover all anticipated attorneys' fees and costs. (ECF No. 149 at 3–5.) Specifically, Plaintiff points to his April 13, 2026 filing of a second motion for attorneys' fees, which seeks to recoup fees and costs related to Plaintiff's opposition to Defendants' Rule 59 motion.

### I.    Legal Standards

Rule 62(b) provides in full:

> Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). "The purpose of the rule is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (quoting *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997)).

While Rule 62(b)'s language providing that "a party *may* obtain a stay" is ambiguous, the Second Circuit has clarified that Rule 62(b) "provides that an appellant is ***entitled*** to a stay pending appeal by posting a supersedeas bond." *Id.*; *see also Cohen v. Metro. Life Ins. Co.*, 334

5

Fed. Appx. 375, 378 (2d Cir. 2009) (summary order) (Rule 62(b) "provides that an appellant may obtain a stay pending appeal, *as of right,* by posting a supersedeas bond." (emphasis added)).[2]

## II.    Defendants are Entitled to A Stay

Defendants are correct that, in light of their procurement of an appeal bond in the amount of $317,089.00, they are "entitled" to a stay of enforcement of the Trial Judgment and Amended Judgment on Attorneys' Fees. *Nassau Cnty. Strip Search Cases*, 783 F.3d at 417.

Plaintiff maintains that, prior to granting a stay, courts typically determine first whether the appealing party has procured a "full supersedeas bond"—specifically, one that is sufficient to "ensure that the prevailing party will recover in full." (ECF No. 149 at 4–5.) Plaintiff challenges Defendants' bond as inadequate because it does not cover: (1) "the 15% of the total amount pursuant to the terms of Section 198(4) of the New York Labor Law (which would not accrue during a stay)," and (2) "the additional $7,831.42 in attorney fees accrued related to defending the judgment against a motion under Rule 59." (*Id.* at 5.) However, Plaintiff concedes that "[w]here a full supersedeas bond has been posted, [c]ourts typically stay the judgment enforcement as of right." (*Id.*)

---

[2] Second Circuit decisions addressing this rule refer to "Rule 62(d)," which previously housed the rule providing for a stay pursuant to an appeal bond and was renamed to Rule 62(b) following the 2018 amendments to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 62 Committee Notes on 2018 Amendment. "The only substantive change to the Rule was to allow a stay to be sought at any time after judgment is entered, rather than only if and when an appeal is taken therefrom." *Saadeh v. Kagan*, No. 20-cv-1945, 2024 WL 5514998, at *1 n.1 (S.D.N.Y. Feb. 14, 2024). Accordingly, courts within this Circuit have continued to apply pre-amendment precedent to interpret Rule 62(b)'s stay as one granted as of right. *See id.* at *1 ("Rule 62(b) provides for a stay of execution of a money judgment as of right upon posting of a supersedeas bond."); *Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, No. 19-cv-10023, 2020 WL 7711522, at *2 (S.D.N.Y. Dec. 29, 2020) (finding that plaintiff was "entitled to a partial stay pursuant to Rule 62(b) . . . .").

Here, Defendants have posted a full supersedeas bond and therefore are entitled to a stay of enforcement of the Trial Judgment and the Amended Judgment on Attorneys' Fees under Rule 62(b). As set forth on the record at the April 10, 2026 telephone conference, the *original* bond amount of $267,089.00 already constituted 111% of the sum of the amounts awarded under both the Trial Judgment and Amended Judgment on Attorneys' Fees.[3] Upon Plaintiff's expression of concern that an additional $50,000 would be required to ensure that Plaintiff's counsel would be awarded attorneys' fees and costs for opposing Defendants' appeal of the Trial Judgment, Defendants secured a bond of $317,089.00. (*See* ECF No. 141.) Accordingly, Defendants' bond is sufficiently large to ensure that Plaintiff "will recover in full, if the decision [on Defendants' appeal of the Trial Judgment] should be affirmed[.]" *Nassau Cnty. Strip Search Cases*, 783 F.3d at 417.

Plaintiff is incorrect that the bond is inadequate on the basis that it does not cover "the 15% of the total amount pursuant to the terms of Section 198(4) of the New York Labor Law." (ECF No. 149 at 5.) Section 198(4) provides in full:

> In any civil action by an employee or by the commissioner, the employee or commissioner shall have the right to collect attorney's fees and costs incurred in enforcing any court judgment. Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, *or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later*, the total amount of judgment shall automatically increase by fifteen percent.

---

[3] The Trial Judgment awarded $184,067.52 in damages and pre-judgment interest. (ECF No. 94.) The Amended Judgment on Attorneys' Fees awarded Plaintiff $56,553.02 in attorneys' fees and costs. (ECF No. 131.) The total amount for both Judgments is $240,620.54.

7

N.Y. Lab. Law § 198(4) (emphasis added). This language is reiterated in the Trial Judgment.[4]

Here, at least with respect to the Trial Judgment, the statutory period has not yet expired, as an

appeal is pending. With respect to the Amended Judgment on Attorneys' Fees, the parties dispute

whether the statutory period to appeal that judgment has expired. However, I need not resolve

this issue because even if the time to appeal the Amended Judgment on Attorneys' Fees has

expired and the 15% increase applies under Section 198(4), the bond amount of $317,089.00 is

still sufficient to cover $8,482.95—which is 15% of the total amount of the Amended Judgment

on Attorneys' Fees—along with both Judgments and any costs and attorneys' fees incurred in

pursuing an appeal.[5] In any event, however, for reasons I will set forth below, I find that a stay of

enforcement of all Judgments is proper; accordingly, the enforcement mechanism set forth in

Section 198(4) is not yet pertinent.

Additionally, Plaintiff is not entitled to a bond that covers "the additional $7,831.42 in

attorney fees" that Plaintiff seeks to recoup through the second motion for attorneys' fees (*see*

ECF No. 145), which accrued in relation to Plaintiff's opposition to Defendants' Rule 59 motion

and was filed only on April 13, 2026. (ECF No. 149 at 5.) Plaintiff has not yet been awarded

those fees. Plaintiff only filed its second motion for attorneys' fees on April 13, 2026, and that

motion was referred to Judge Dunst for a written report and recommendation on April 15, 2026.

(ECF No. 145; Elec. Order, Apr. 15, 2026.) The second motion for attorneys' fees will not be

---

[4] (*See* ECF No. 94 ("If any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198.4.").)

[5] With the 15% increase in the attorneys' fee award, the estimated total would be $299,103.49— still $17,985.51 less than the bond amount of $317,089.00.

8

fully briefed until May 22, 2026. (*See* Elec. Order, Apr. 16, 2026.) Accordingly, Plaintiff does not make a persuasive argument that the $317,089.00 appeal bond is insufficient on the basis that it purportedly does not cover the $7,831.42 in attorneys' fees sought by Plaintiff in a recently filed second motion for attorneys' fees.

### III.    The Stay Applies to All Judgments in this Action

As an alternative argument, Plaintiff contends that even if Defendant is entitled to a stay of enforcement of the Trial Judgment, this Court should not stay enforcement of the Amended Judgment on Attorneys' Fees because it "is not subject to any objection . . . any appeal, and the time for Defendants to appeal such a judgment has long expired." (ECF No. 149 at 5.)

Plaintiff's argument is unpersuasive. The plain text of Rule 62(b) does not prescribe any time limits on when a party may secure an appeal bond in order to secure a statement of enforcement of a judgment. Rather, it expressly states that a party may obtain a stay of enforcement "[a]t *any time* after judgment is entered." Fed. R. Civ. P. 62(b) (emphasis added). As discussed at length above, Defendants' bond adequately covers the value of both the Trial Judgment and the Amended Judgment on Attorneys' Fees. Accordingly, a stay of enforcement of both Judgments is appropriate under Rule 62(b).

Defendants' procurement of a stay of enforcement of the Judgments does not reflect any view of this Court as to the merits of Defendants' appeal of the Trial Judgment in this action. To the contrary, this Court has set forth its reasoning and analysis denying Defendant's Rule 59 motion in a detailed written order. (*See* Opinion and Order, ECF No. 132.) Nevertheless, Defendants have satisfied the plain text of Rule 62(b) in order to secure a stay of enforcement of the Judgments in this action.

**CONCLUSION**

For the reasons set forth above, pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, I grant Defendants' motion for a stay of enforcement of the Trial Judgment (ECF No. 94) and Amended Judgment on Attorneys' Fees (ECF No. 131) pending the final resolution of Defendants' appeal by the U.S. Court of Appeals for the Second Circuit in light of their procurement of an appeal bond in the amount of $317,089.00. Accordingly, it is hereby ORDERED that:

1.  From the date of this Order through the issuance of a mandate by the U.S. Court of Appeals for the Second Circuit resolving Defendants' appeal, execution of the Court's Trial Judgment (ECF No. 94) and Amended Judgment on Attorneys' Fees (ECF No. 131) is STAYED;

2.  Defendants are not required to post any additional security;

3.  During the Stay Period, Plaintiff, including his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise shall not take any action to execute on or enforce the Trial Judgment or Amended Judgment on Attorneys' Fees; and

4.  This Order shall remain in effect unless and until the final disposition of Defendants' appeal before the Second Circuit, or until it is superseded by another order of this Court or a higher court.

Dated: Central Islip, New York
       April 23, 2026

                                        /s/ Nusrat J. Choudhury
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge

10