**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Boon Hooi Teoh,<br><br>                             Plaintiff,<br><br>      -v-<br><br>Manhasset Restaurant, LLC; Roslyn Hospitality, LLC; Gold Coast Restaurant Corp.; Miracle Mile Restaurant, LLC; Wheatley Restaurant, LLC; East Meadow Avenue Restaurant Corp.; 100 Hospitality, LLC; Poll Restaurant Group, Inc.; George Poll; and Gillis Poll,<br><br>                            Defendants. | 2:22-cv-4110<br>(NJC) (LGD) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On October 24, 2024, following trial, the jury returned a verdict in this case for Plaintiff Boon Hooi Teoh on Teoh's claims for unpaid overtime wages and unpaid spread of hours wages under New York Labor Law ("NYLL"), 12 N.Y.C.R.R. §§ 146-1.4 and 146-1.6. (Verdict Form, ECF No. 92.) On November 19, 2024, this Court entered judgment awarding Teoh $184,067.52 in compensatory damages for unpaid overtime and spread of hours wages and prejudgment interest. (Judgment, ECF No. 94.) On December 15, 2024, Teoh filed a Motion for Attorneys' Fees, seeking $93,764.67 in fees and $8,382.25 in costs. (ECF Nos. 95, 96.) On June 23, 2025, the Court issued an order adopting in full Judge Dunst's Report and Recommendation (ECF No. 95), to which no party objected, recommending that the Court award Teoh's counsel $45,170.77 in attorneys' fees and $8,382.25 in costs. (ECF No. 115.)[1]

---

[1] The Court separately granted Plaintiff's motion to correct the Judgment on Attorneys' Fees due to a clerical error on March 27, 2026. (Elec. Order, Mar. 27, 2026; *see also* Amended Judgment on Attorneys' Fees, ECF No. 131.)

Separately, Defendants had also filed a Motion to Amend the Trial Judgment on December 17, 2024, which Teoh opposed. (ECF Nos. 98, 101.) Following two Reports and Recommendations from Judge Dunst (ECF No. 117, 125), with objections from Defendants and replies from Teoh (ECF Nos. 119, 121, 127, 129), this Court issued an order adopting in full Judge Dunst's Report and Recommendation that Defendants' Motion be denied in full (ECF No. 132).

On April 13, 2026, Teoh filed a Second Motion for Attorneys' Fees seeking fees pertaining to his opposition to Defendants' Motion to Amend the Judgment and the subsequent briefing on the Reports and Recommendations. (Mot., ECF No. 145.) This Court referred the Motion to Magistrate Judge Lee G. Dunst. (Elec. Order, Apr. 15, 2026.) On May 8, 2026, Defendants partially opposed Teoh's Motion, requesting a deduction of $2,605.50 for Teoh's "unsuccessful opposition to deny Defendants' procedural right to file a post-judgment motion." (Opp'n, ECF No. 152.) On May 9, 2026, Teoh filed a reply. (Reply, ECF No. 153.)

On July 1, 2026, Judge Dunst issued a Report and Recommendation recommending that Teoh's Motion be granted in full and that Teoh be awarded $7,831.42 in attorneys' fees. (R&R, ECF No. 154.) A copy of the R&R was provided to all counsel via ECF on July 1, 2025. (*See id.*) The R&R instructed that any objections to the R&R were required to be submitted in writing to the Clerk of Court within fourteen (14) days of service of the R&R. (*Id.* at 8.) Consequently, the deadline to object to the R&R was July 15, 2026. The date for filing any objections to the R&R has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation

2

for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Because no party has timely filed objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R de novo out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the well-reasoned R&R's recommendation in its entirety.

Accordingly, Teoh's Second Motion for Attorneys' Fees (ECF No. 145) is granted in full, with rates and hours as set forth in the R&R. The Court awards Teoh $7,831.42 in attorneys' fees.

Dated: Central Islip, New York
July 21, 2026

/s/ *Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
BOON HOOI TEOH,

                           Plaintiff,

      v.

MANHASSET RESTAURANT, LLC, ROSLYN
HOSPITALITY, LLC, GOLD COAST
RESTAURANT CORP., MIRACLE MILE
RESTAURANT, LLC, WHEATLEY
RESTAURANT, LLC, EAST MEADOW
AVENUE RESTAURANT CORP., 100
HOSPITALITY, LLC, POLL RESTAURANT
GROUP, INC., GEORGE POLL, and GILLIS
POLL,

                          Defendants.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

22-cv-4110 (NJC) (LGD)

**LEE G. DUNST,** Magistrate Judge:

Presently before the Court is Plaintiff's Second Motion for Attorney's Fees and Costs (the "Second Attorney's Fees Motion"). *See* Electronic Case File Number ("ECF No.") 145. Plaintiff's counsel, Troy Law, PLLC seeks attorney's fees in the amount of $7,831.42, pursuant to N.Y. Lab. L. §§ 663(1), 663(4), 198(1-a), and 198(4). On April 15, 2026, District Judge Nusrat J. Choudhury referred the Motion to the undersigned for a written Report and Recommendation ("R&R").

For the reasons below, the undersigned respectfully recommends that the Plaintiff's Motion be granted in full.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The undersigned presumes familiarity with the factual background detailed in the undersigned's most recent Report and Recommendation. *See Teoh v. Manhasset Rest., LLC*, No. 2:22-CV-4110, 2025 WL 3225038 (E.D.N.Y. Nov. 18, 2025).

On October 24, 2024, following a trial before Judge Choudhury, the jury rendered a verdict in favor of Plaintiff Boon Hoi Teoh ("Teoh") for unpaid overtime and spread-of-hours wages under New York Labor Law ("NYLL"). *See* ECF No. 92 at 2. Judge Choudhury subsequently entered a judgment against Defendants for a total of $184,067.52. *See* ECF No. 94 (the "Judgment").

Following the trial, Plaintiff filed a First motion for Attorney's Fees and Costs ("First Motion"). *See* ECF No. 95. Judge Choudhury referred the First Motion to the undersigned for a R&R. *See* Electronic Order Dated Jan. 6, 2025. In that R&R, the undersigned determined the appropriate rate for Plaintiff's counsel: $400.00 per hour for Mr. Troy; $300.00 per hour for Mr. Schweitzer; and $225.00 per hour for Ms. Troy. *See Teoh v. Manhasset Rest., LLC*, No. 22-CV-4110, 2025 WL 1088045, at *6-9 (E.D.N.Y. Apr. 10, 2025), *report and recommendation adopted*, 2025 WL 1736835 (E.D.N.Y. June 23, 2025).

Defendants moved to amend the Judgment (the "Motion to Amend") on constitutional, statutory, and public policy grounds. *See* ECF No. 100. On May 8, 2025, Judge Choudhury referred the Motion to Amend to the undersigned for a R&R. *See* Electronic Order, dated May 8, 2025. On July 1, 2025, the undersigned issued a First R&R and recommended that Judge Choudhury deny Defendant's Motion to Amend on procedural grounds. *See Teoh v. Manhasset Rest., LLC,* No. 22-cv-4110, 2025 WL 1819977, at *3-5 (E.D.N.Y. July 1, 2025). Defendants objected to the First R&R. *See* ECF No. 119.

2

On September 20, 2025, Judge Choudhury found that Defendants' substantive challenges to the Judgment were not procedurally barred, and directed the undersigned "to provide a written report and recommendation as to the disposition of the Motion to Amend on the basis of an analysis on the merits of Defendant's arguments under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 6 of the New York State Constitution, and the NYLL statutory scheme or public policy generally." *Teoh v. Manhasset Restaurant LLC*, No. 22-CV-4110, 2025 WL 2689654 at \*2 (E.D.N.Y. Sept. 20, 2025).

On November 18, 2025, the undersigned issued a second R&R recommending that Judge Choudhury deny the Defendants' Motion to Amend, finding that Defendants had not met their burden under Federal Rule of Civil Procedure 59(e) and had not demonstrated that the judgment entered by Judge Choudhury presented clear error of law or resulted in manifest injustice. *See* ECF No. 125. On March 30, 2026, Judge Choudhury adopted the second R&R and denied Defendants' Motion to Amend. *See Teoh*, 2026 WL 865841, at \*12.

On April 13, 2026, Plaintiff filed the Second Attorney's Fees Motion for legal services "associated with successfully opposing Defendants' Motion under Rule 59 of the Federal Rules of Civil Procedure to Amend the Judgment dated December 17, 2024 (Dkt. No. 98), Defendants' Objection to Report and Recommendation that the Motion be denied dated July 22, 2025 (Dkt. No. 119), and Defendants' Second Objection to Second Report and Recommendation dated December 2, 2025 (Dkt. No. 127)." ECF No. 147 at 1. Plaintiff submitted a declaration in support of the Motion with an attached exhibit which demonstrated contemporaneous time and billing entries for the work associated with opposing Defendants' motion to amend the judgment, and Defendants' objections to the first and second R&R. *See* ECF No. 156, Exh. No. 1. On

3

April 15, 2026, Judge Choudhury referred the Second Attorney's Fees Motion to the undersigned for another R&R.  *See* Electronic Order dated, April 15, 2026.

Defendants have filed a reply to the Second Attorney's Fees Motion, seeking a $2,605.50 reduction.  While they do not object to Plaintiff's fee request, *per se*, Defendants argue that Plaintiff is not entitled to attorney's fees related to the work performed in connection with the First R&R.  *See* ECF No. 152 at 1.

## II.    LEGAL STANDARDS

"Both the FLSA and NYLL are fee-shifting statutes which entitle a plaintiff to an award of reasonable attorney's fees and costs in wage-and-hour actions."  *Solis v. Tropical Rest. Bar Inc.,* No. 23-CV-1707, 2024 WL 4271234, at *17 (E.D.N.Y. Sept. 19, 2024) (quotation marks and citation omitted).  "District courts have broad discretion to determine the amount of attorney's fees awarded, and the party requesting fees must submit documentation to support its request." *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 20-CV-2180, 2022 WL 1018791, at *14 (E.D.N.Y. Mar. 16, 2022), *report and recommendation adopted*, 2022 WL 1017753 (E.D.N.Y. Apr. 5, 2022).  Successful Plaintiffs in FLSA cases may seek attorney's fees and costs associated with defending a judgment.  *See Gayle v. Harry's Nurses Registry, Inc.*, No. 07-cv-04672, 2023 WL 2815612, at *3 (E.D.N.Y. Feb. 10, 2023) (finding that the "FLSA permit[ted] [the p]laintiffs to seek attorney's fees and costs incurred in defending the appeal" of a post-judgment order).

"The starting point of an attorney's fee calculation is the lodestar method, under which fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Wright v. Miah*, No. 22-CV-4132, 2023 WL 6219435, at *14 (E.D.N.Y. Sept. 7, 2023), *report and recommendation adopted*, 2023 WL 6216541 (E.D.N.Y.

4

Sept. 25, 2023) (citation omitted); *see also Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (same). The lodestar "is essentially what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Wright*, WL 6219435, at \*14 (*quoting Streamlight, Inc. v. Gindi*, No. 18-CV-987, 2019 WL 6733022, at \*18 (E.D.N.Y. Oct 1, 2019)).

To determine a reasonable hourly rate, courts consider "market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hennessy by & through Hennessy v. 194 Bedford Ave Rest Corp.*, No. 21-CV-5434, 2022 WL 4134502, at \*6 (E.D.N.Y. Sept. 12, 2022) (internal quotation marks and citations omitted).

To determine the reasonable number of hours, the party seeking the award "bears the burden to document the hours reasonably spent by counsel and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *Ivic v. Advance Stores Co.*, No. 19-CV-509, 2023 WL 6385706, at \*2 (E.D.N.Y. Sept. 29, 2023) (quoting *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011)). In FLSA cases, courts evaluate the number of hours necessary to obtain a successful outcome for their client. *See, e.g., Li v. Spa Nail 9, Inc.*, No. i19-CV-00873, 2024 WL 3823209, at \*4 (N.D.N.Y. Aug. 14, 2024), *appeal dismissed* (Nov. 18, 2024) (considering "the number of hours actually spent . . . that are deemed reasonably necessary to the *successful outcome* for the client . . . ." (emphasis added)).

## III.    DISCUSSION

For the reasons set forth below, the undersigned finds that Plaintiff's proposed hourly rates and the number hours of worked by Plaintiff's counsel are reasonable.

## A. Hourly Rates

Troy Law seeks the rates recommended by the undersigned in the First Motion, which are: $400.00 per hour for Mr. Troy; $300.00 per hour for Mr. Schweitzer; and $225.00 per hour for Ms. Troy. *See* ECF No. 147 at 6. Mr. Troy is the principal attorney of Troy Law, has been admitted to practice in New York since 1989, and has long represented clients in wage-and-hour cases in this District. *See* ECF No. 96 at *5–6. Mr. Schweitzer has been admitted to practice in New York since 2018 and has extensive experience in wage-and-hour litigation. *See* ECF No. 96 at *11–12. Ms. Troy has been admitted to practice in New York since 2021 and assists in Troy Law's civil litigation practice, which includes employment wage-and-hour disputes. *See* ECF No. 96 at *16–17. Plaintiff argues that their proposed rates are reasonable because they are commensurate with the rates previously recommended by the undersigned. *See* ECF No. 147 at 5–6; *see also Teoh*, 2025 WL 1088045, at *6–9.

The prevailing rates for attorney's fees in this District are as follows: $450–$650 for partners, $300–$450 for senior associates, and $150–$300 for junior associates. *Rubin v. HSBC Bank USA*, 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. 2025). Mr. Troy's rate of $400.00 per hour places him below the current market rate for partners; Mr. Schweitzer's rate of $300.00 per hour places him at the bottom of the market rate for senior associates; and Ms. Troy's rate of $225.00 per hour places her right in the middle of the current market rate for junior associates. Defendants do not oppose these hourly rates. *See* ECF No. 152 at 1.

Consistent with the undersigned's prior recommendation, the undersigned finds that the hourly rates of $400.00 per hour for Mr. Troy; $300.00 per hour for Mr. Schweitzer; and $225.00 per hour for Ms. Troy are reasonable. *See Teoh*, 2025 WL 1088045, at *6–9.

6

## B. Total Hours

"When awarding a reasonable attorney's fee, the district court should properly exclude documented hours that are excessive, redundant, or otherwise unnecessary, and may reduce an award because of vagueness, inconsistencies, and other deficiencies in the billing records." *Juarez v. 156-40 Grill LLC*, No. 15-CV-5081 (CBA) (LGD), 2024 U.S. Dist. LEXIS 211191 at *3 (E.D.N.Y. Nov. 20, 2024) (quoting *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022)).  Courts can also reduce hours where attorneys are performing clerical or administrative work.  *Balu v. City of N.Y.*, 2016 U.S. Dist. LEXIS 29264 at 17 (S.D.N.Y. Mar. 8, 2016) (citing *E.S.* v. *Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011)).  The party requesting a reduction in attorney's fees has the burden of proving that an adjustment is necessary to properly calculate the requested fees award. *Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992).

Plaintiff's counsel requests attorney's fees for 32.40 hours of time spent opposing Defendants' motion to amend the judgment, objection to the First R&R, and objection to the second R&R.  Considering this briefing in its totality, the undersigned finds Plaintiff's counsel dedicated a reasonable number of hours to these tasks.  *See Luongo v. 44-37 Rest. Corp.,* No. 13-CV-7420, 2018 WL 1115697, at *4 (E.D.N.Y. Feb. 28, 2018) (finding 6.3 hours for objecting to an R&R in an FLSA case as reasonable); *D.B. ex rel. S.B. v. N.Y.C. Dep't of Educ.*, No. 18-CV-7898, 2019 WL 4565128, at *15 (S.D.N.Y. Sep. 20, 2019) (reducing the hours of 21.05 to 10.52 for work in responding to objections to an R&R in an IDEA case).[1]

Defendants seek a reduction for 11.58 hours of work related to Plaintiff's "unsuccessful" opposition to the First R&R.  As previously noted however, Plaintiff is entitled to attorney's fees

---

[1] Plaintiff's submission contains three minor instances of "block billing" of legal and administrative tasks. However, given the *de minimis* nature of the block billing and the reasonableness of Plaintiff's requested hours, the undersigned finds that a reduction for block billing is unnecessary.  *See Asseng v. Beisel,* No. CV 14-5275 (AYS), 2024 WL 669871 (E.D.N.Y. Feb. 19, 2024)*, aff'd,* No. 24-700, 2025 WL 728405 (2d Cir. Mar. 3, 2025).

for work that is required to obtain a successful outcome – here, defending the Judgment. *See Gayle,* 2023 WL 2815612, at \*3; *Li*, 2024 WL 3823209, at \*4. Accordingly, the undersigned finds that a reduction for work related to the First R&R is unnecessary.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned recommends Judge Choudhury grant Plaintiff's Second Attorney's Fees Motion and award a total of $7,831.42 in attorney's fees.

## V.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* FED. R. CIV. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Choudhury. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154–55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
       July 1, 2026

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge

8